UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| STANLEY OLIVER | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
|  | )   Civil Action No_____ |
|  | ) |
| -vs- | )   Hon. _____ |
|  | ) |
|  | ) |
| OAKLAND COUNTY | ) |
| SHERIFF'S OFFICE and | ) |
| OFFICER JOHN DEAN, | ) |
| in their individual capacity, | ) |
|  | ) |
| Defendants. | ) |

_____/

THE MARK SISSON LAW FIRM, PLLC
MATTHEW F. BOEHRINGER (P79332)
Attorneys for Plaintiff
30200 Telegraph Rd., Suite 102
Bingham Farms, MI 48025
248-443-3022/ fax: 734-655-9045
Legal Assistant: mpardue@marksissonlaw.com
mboehringer@marksissonlaw.com
_____/

> There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this Court.

## COMPLAINT AND JURY REQUEST

NOW COMES the above named Plaintiff, STANLEY OLIVER through his attorneys, The Mark Sisson Law Firm, PLLC, by MATTHEW F. BOEHRINGER And for his Complaint against the above-named Defendants, state as follows:

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 USC §1983 and 1988, and the 4th, 1st and 14th Amendments to the United States Constitution, and under the statutes and common law of the State of Michigan against Defendants.

2. This lawsuit arises out of events occurring within the OAKLAND COUNTY SHERIFF'S OFFICE, County of Oakland, State of Michigan.

3. Jurisdiction is based upon 28 USC § 1331, and 1343.

4. Venue is proper under 28 USC § 1391(b).

## PARTIES

5. Plaintiff STANLEY OLIVER (hereinafter Plaintiff) is a citizen of the State of Michigan and resides in Pontiac, Michigan.

6. Upon information and belief the OAKLAND COUNTY SHERIFF'S OFFICE is a government entity located in Pontiac, County of Oakland, State of Michigan.

7. Upon information and belief, the individually named Defendant OFFICER JOHN DEAN (hereinafter "Defendant DEAN") is a citizen of the state of

Michigan and, at all times relevant to this lawsuit, was employed as a police officer at the Oakland County Sheriff's Department in Pontiac, Michigan and are sued in their individual capacities.

## COMMON FACTUAL ALLEGATIONS

8. The forgoing factual allegations are purported by Plaintiff, STANLEY OLIVER, supported by Officer Dean's police report, and information found during the course of discovery for Plaintiff Oliver's hearing to dismiss charges against him.

9. On December 14, 2021, Plaintiff was the operator of a vehicle near the intersection of Martin Luther King Blvd. and Auburn Rd. in Pontiac, MI

10. Plaintiff made a turn from the parking lot at 585 Auburn Rd. onto westbound Auburn Rd.

11. Defendant Dean was on patrol in the area as part of his employment with Defendant Oakland County Sheriff's Department.

12. Plaintiff noticed Defendant Dean turned his car around and began to follow Plaintiff.

13. Defendant Dean followed Plaintiff for a few blocks before pulling him over.

14. Upon pulling Plaintiff over, Defendant Dean stated that he was pulling Plaintiff over because Plaintiff's license plate wasn't coming up in a search and that

Plaintiff should not have been driving such a vehicle because there were no dealerships in the area.

15. Plaintiff responded that the plates were proper because he owns a dealership.

16. Defendant Dean called for backup and several other officers arrived on the scene.

17. Defendant Dean stated that he could smell alcohol on Plaintiff and performed a field sobriety test.

18. Defendant Dean stated that Plaintiff failed the sobriety test and took him to jail.

19. Upon arrival at the jail, Defendant Dean asked for a second breathalyzer but Plaintiff refused it and told Defendant to take him to the hospital.

20. On the way to the hospital, Defendant Dean told Plaintiff that the reason he was pulled over was for an improper lane change.

21. Upon arrival at the hospital, Defendant Dean released Plaintiff and told him that he would be getting a ticket in the mail.

22. Later, Plaintiff received documents stating that he was being charged with operating while impaired and improper lane change.

23. Plaintiff retained an attorney and fought the charges of operating while impaired and improper lane change.

24. After a hearing, all charges against Plaintiff were dropped.

25. During the course of preparing for the hearing, Plaintiff's attorney discovered that Plaintiff's license plate was never run by Defendant Dean during the initial traffic stop.

## COUNT I
## 42 U.S.C. §1983 – VIOLATION OF THE 4TH AND 14TH AMENDMENTS

26. Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

27. Plaintiff had a constitutional right under the Fourth Amendment not to be subjected to the use of excessive force by the Defendants, as well as the right to be free from a deprivation of liberty, property, bodily security, and integrity without due process of law, and the right to be free from unlawful search and seizures.

28. The degree of force used by the Defendants was objectively unreasonable and excessive in light of the circumstances.

29. The conduct of the Defendants in using excessive force violated Plaintiff's rights under the Fourth Amendment of the United States Constitution, as incorporated by the Fourteenth Amendment.

30. On December 14, 2021, Defendants, without probable cause, arrested the plaintiff.

31. At all times relevant, Defendants, acting under color of law, were required to obey the laws of the United States including those laws identified and described in the 4th Amendment to the United States Constitution.

32. The conduct of the Defendants violated 42 U.S.C. §1983.

33. By violating Plaintiff's constitutional right under the Fourth Amendment, Defendants acted intentionally or with deliberate indifference and/or with reckless disregard of Plaintiff's constitutional rights.

34. The constitutional right which the Defendants violated was clearly established at the time that the violation occurred and a reasonable person in the Defendants' position would have understood that the conduct violated said right.

35. Defendants are therefore not entitled to qualified immunity.

36. By virtue of the Defendants' actions, Plaintiff has suffered, and continues to suffer, damages, including, but not limited to:

    a. Mental anguish;

    b. Fright and shock;

    c. Denial of social pleasures and enjoyment;

    d. Embarrassment, humiliation or mortification;

    e. Other economic loss;

    f. Any and all injuries later discovered or otherwise allowed under Michigan law and Federal law.

37. By virtue of the Defendants' actions, Plaintiff is entitled to recover compensatory and punitive damages.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor and against Defendants in an amount that is just and fair and award costs, interest and attorney fees as well as punitive, exemplary or hedonic damages or any other damages available under the law.

## COUNT II
## 42 U.S.C. §1983 – VIOLATION OF THE 1ST AND 14TH AMENDMENTS

38. Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

39. Plaintiff was exercising his right to free speech and protest immediately prior to his unlawful seizure.

40. Plaintiff was within his rights to question the behavior of the Defendant Officer and did so in a lawful and peaceable manner.

41. Defendant Officer actions directly interfered with Plaintiff's free expression of speech, press, and/or association.

42. Defendant's use of unlawful excessive force, unlawful seizure, and unlawful detention, were all in retaliation against Plaintiff's exercise of free speech and protest as well his constitutional to refuse an invalid arrest.

43. Plaintiff has the right to be free of retaliatory action motivated by his exercise of his First Amendment rights.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor and against Defendants in an amount that is just and fair and award costs, interest and attorney fees as well as punitive, exemplary or hedonic damages or any other damages available under the law.

## COUNT III
## 42 U.S.C. §1983 – UNLAWFUL ARREST WITHOUT PROBABLE CAUSE

44. At all times relevant, Plaintiff conducted himself in a lawful manner.

45. Plaintiff was attempting to drive his vehicle when he was pulled over without probable cause.

46. Defendants had no actual knowledge nor reasonably trustworthy information that Plaintiff had or was about to commit a crime.

47. A reasonably cautious person in the circumstances would have believed that Plaintiff had not committed a crime nor was intending to commit a crime.

48. A reasonably cautious person in the circumstances would have believed that Plaintiff was attempting to drive his vehicle.

49. Defendants were without probable cause in the assault, battery, arrest, detention, and prosecution of Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor and against Defendants in an amount that is just

and fair and award costs, interest and attorney fees as well as punitive, exemplary or hedonic damages or any other damages available under the law.

## JURY DEMAND

Plaintiff STANLEY OLIVER hereby demands a trial by jury.

Respectfully submitted,

THE MARK SISSON LAW FIRM, PLLC

Date: June 2, 2023

*/s/   Matthew F. Boehringer*
MATTHEW F. BOEHRINGER (P79332)
Attorneys for Plaintiff
30200 Telegraph Rd., Suite 102
Bingham Farms, MI 48025
248-443-3022/ fax: 734-655-9045
Legal Assistant: mpardue@marksissonlaw.com
mboehringer@marksissonlaw.com